UNITED STATES, Appellee,

v.

Tonia L. GLOVER, Aviation Structural Mechanic Airman Apprentice, U.S. Navy, Appellant.

No. 99–0703.
Crim.App. No. 98–1603.

U.S. Court of Appeals for the Armed Forces.

Argued April 6, 2000.

Decided Aug. 25, 2000.

COX, S.J., delivered the opinion of the Court, in which CRAWFORD, C.J., and SULLIVAN, GIERKE, and EFFRON, JJ., joined.

For Appellant: *Lieutenant Omar R. Lopez,* JAGC, USNR (argued).

For Appellee: *Captain Edward C. Durant,* USMC (argued); *Commander Eugene E. Irvin,* JAGC, USN, *Colonel Kevin M. Sandkuhler,* USMC, and *Major Mark K. Jamison,* USMC (on brief).

Senior Judge COX delivered the opinion of the Court.

On May 22, 1998, appellant was convicted by a military judge sitting alone as a general court martial. Pursuant to her pleas, appellant was convicted of making a false official statement, 84 specifications of uttering checks without sufficient funds, and dishonorable failure to pay a just debt in violation of Articles 107, 123a, and 134, Uniform Code of Military Justice (UCMJ), 10 USC §§ 907, 923a, and 934, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 8 months, forfeiture of all pay and allowances, and reduction to E–1. In accordance with her pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of 4 months for a period of 12 months from the date of appellant's release from confinement. The Court of Criminal Appeals affirmed these findings and sentence in an unpublished opinion. The issue before this Court as framed by appellant is:

WHETHER THE LOWER COURT ERRED IN FINDING HARMLESS APPELLANT'S PRIOR CONVICTIONS FOR WRITING BAD CHECKS, WHICH WERE OVER TEN YEARS OLD AT THE TIME OF THE COURT–MARTIAL.

Assuming the military judge did err, we find such error harmless.

## FACTUAL BACKGROUND

In July of 1997, appellant opened checking and savings accounts at North Island Federal Credit Union (NIFCU). Between July and September of 1997, she wrote at least 84 checks amounting to over $10,000, all returned from NIFCU for either insufficient funds or because her account was closed.

In September, a security agent for the Naval Exchange (NEX) contacted appellant about ten checks written to NEX and dishonored by NIFCU. Appellant met with the agent and claimed that NIFCU had made a mistake with her account and promised to pay for the ten dishonored checks in four days. Appellant never returned.

Also in September, appellant met with Chief Investigator Mitchell of the San Diego NEX to discuss 26 other returned checks she had written to the NEX. She told Mr. Mitchell that the bank had made a mistake, but that she did have the money to pay for the checks. She signed a promissory note agreeing to pay for the dishonored checks. However, after the meeting, Mr. Mitchell contacted NIFCU. The bank told him that there was no bank error; rather, the bank had closed appellant's account because of excessive overdrafts.

During an October interrogation with the Naval Criminal Investigative Service and NEX representatives, appellant revealed that she had written bad checks in approximately 15 stores in the San Diego area. She acknowledged that she had been aware that she did not have money in the bank for the checks. She also admitted that she knew NIFCU had closed her account. She admitted that while she knew her checks would not be honored, she continued to write them. Appellant further admitted that her statements to Chief Investigator Mitchell were false and that she intended to mislead him.

Appellant pled guilty to all charges against her and was convicted and sentenced as described above.

## DISCUSSION

■ The issue before us is the introduction of evidence of appellant's two separate convictions in 1988, in two separate counties in Georgia, for writing bad checks. This evidence unfolded during the sentencing phase of the court-martial.

Trial counsel introduced documentary evidence of appellant's prior convictions for passing bad checks in Georgia. Defense counsel objected to the documents by stating:

> And then there's evidence of a prior conviction that's dated 12 years. Now, the Defense has read the analysis to MCM 1001, and it indicates that 403 doesn't apply, apparently, in balancing the interest of a prior conviction. Defense would object to the admission of that exhibit, regardless of the analysis, that it's too far in the past for it to be considered evidence in aggravation, and therefore, should be stricken from the record.

In response to the objection, trial counsel said:

> Sir, those are 10 years old. They are March and September of '98 [sic]. Seven counts of the accused being convicted for bad checks in two different counties in Georgia. We're, specifically, requesting that they be considered under Rule 1001(a), evidence of prior convictions, military or civilian. And if you look at the analysis of the Rule, sir, you'll, specifically, see that the drafters, apparently, in the old MCM, 1969 edition, had an exclusion if the conviction was greater than six years. If you look at the analysis on page 21, it specifically states that subsection three deletes the exclusion of convictions more than six years old. No similar restriction applies. There is no reason to forbid their consideration by court-martials, subject to *Military Rule of Evidence 403.* So that's

**368**

the drafters, specifically, speaking on this issue, sir.

The military judge overruled the defense objection, asserting, "Well, I would think they could be considered under 403, but I do not consider that 403 applies here." [1]

■ RCM 1001(b)(3), Manual for Courts–Martial, United States (1998 ed.), allows the introduction of evidence of both civilian and military prior convictions for consideration during the sentencing portion of trial. The Analysis states that the revised Rule "deletes the exclusion of convictions more than 6 years old.... There is no reason to forbid their consideration by courts-martial, *subject to Mil.R.Evid. 403.*" [2] Drafters Analysis of RCM 1001(b)(3), A21–67, Manual, *supra* (emphasis added). The military judge's ruling is somewhat ambiguous, and it is not apparent whether: (1) he engaged in any balancing under Mil.R.Evid. 403, or (2) he simply ruled that Mil.R.Evid. 403 does not apply to evidence introduced at sentencing. If he relied on the latter, it would constitute error. *United States v. Rust,* 41 MJ 472, 478 (1995). Assuming error, the ultimate question before us is whether appellant sustained substantial prejudice. Art. 59(a), UCMJ, 10 USC § 859(a). [3] We agree with the findings of the court below that appellant's rights were not substantially prejudiced; therefore, any error was harmless.

First, the evidence of prior convictions was already in the record through the testimony of appellant's character witness. Second, the prior convictions were for uttering two bad checks for values less than $200, whereas the present convictions were for uttering 84 bad checks valued at approximately $10,000. In this context, the prior convictions are relatively insignificant relative to the current offenses.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

---

1. As a side note, appellant now argues that the evidence introduced by the Government was not of convictions at all and, therefore, was not admissible under Rule 1001(b)(3). This issue was not raised at trial. Both defense and government counsel accepted these as convictions and treated them as such. Further, by the time defense counsel did object to the introduction of the documents, the fact of the convictions was already before the judge because of both the government and defense questioning of appellant's character witness. *See, e.g., United States v. Harris,* 46 MJ 221, 225 (1997) ("Any prejudicial impact would arise from 'smuggling' in inadmissible evidence, but in this case the evidence was already before the members.").

2. Mil.R.Evid. 403, Manual for Courts–Martial, United States (1998 ed.), states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

3. Article 59(a) states: "A finding or sentence of court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused."